**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4520**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JEFFREY MORAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:17-cr-00001-JPB-JES-1)

Submitted: February 15, 2018                Decided: February 16, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant. David J. Perri, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Moran pled guilty to unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), (9), 924(a)(2) (2012). The district court sentenced Moran to 37 months' imprisonment, at the bottom of his advisory Sentencing Guidelines range. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Moran's counsel has filed a brief certifying that there are no meritorious grounds for appeal, but questioning whether the district court imposed an unreasonable sentence by denying a downward variance. Although informed of his right to do so, Moran has not filed a pro se supplemental brief. We affirm.

We review the reasonableness of Moran's sentence for abuse of discretion. *United States v. Lymas,* 781 F.3d 106, 111 (4th Cir. 2015). First, we assess procedural reasonableness, considering whether the district court properly calculated the Sentencing Guidelines range, allowed the parties to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall v. United States,* 552 U.S. 38, 49-51 (2007). If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record leads us to conclude that Moran's sentence is procedurally sound. Moreover, Moran has failed to overcome the presumption of substantive reasonableness accorded his sentence, which falls at the bottom of his Guidelines range. The district court specifically considered Moran's request for a downward variance based on his health issues and assertion that he kept firearms for self-protection, but reasonably declined to sentence him below the Guidelines range, concluding that such a reduction was unwarranted based on Moran's significant criminal record, his use of firearms for hunting, and the fact that there were no direct efforts to harm Moran or his family.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moran, in writing, of the right to petition the Supreme Court of the United States for further review. If Moran requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moran.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*